## M. R. MURPHY, Appellant, v. CHRIST WILHELMSON, Respondent.

(177 N. W. 753.)

**Mortgages — evidence held insufficient to establish a cause of action for vacation of satisfaction and for foreclosure.**

> In an action to vacate a satisfaction of a mortgage, and to foreclose the mortgage, it is *held* that the trial court erred in granting a motion made at the

close of the plaintiff's case for a dismissal of the action on the ground that plaintiff had failed to establish his cause of action.

Opinion filed May 1, 1920.

From a judgment of the District Court of Traill County, *Cole, J.,* plaintiff appeals.

Reversed and remanded.

*C. E. Leslie,* for appellant.

"A discharge obtained by fraud or made through mistake may be canceled if other parties having no notice of the fraud have not, in the meantime, acquired an interest in the property." Jones, Mortg. 4th ed. ¶¶ 966, 966a, 967; Martin v. De Ornelas, 139 Cal. 41, 72 Pac. 440; Harker v. Scudder, 15 Colo. App. 69, 61 Pac. 197; Reed v. Jennings, 196 Ill. 472, 63 N. W. 1005; Stiger v. Bent, 111 Ill. 328; Conly v. Dibber, 91 Ind. 413; Mallett v. Page, 8 Ind. 362; Whipple v. Fowler, 41 Neb. 675, 60 N. W. 15; Harris v. Cook, 28 N. J. Eq. 345; Kind v. McVicker, 3 Sandf. Ch. 192; 2 Cyc. 1433.

A release of satisfaction entered by accident or inadventure, so that it is not in accordance with the real intention of the party, may be set aside and the mortgage reinstated, although not to prejudice of third persons subsequently dealing with the property in good faith. White v. Stevenson, 144 Cal. 104, 77 Pac. 828; Russell v. Mixer, 42 Cal. 475; Seymour v. Mackey, 126 Ill. 341, 18 N. E. 552; Henschel v. Mamero, 120 Ill. 660, 12 N. E. 203; Bowen v. Gilbert, 122 Iowa, 448, 98 N. W. 273; Bruse v. Nelson, 35 Iowa, 157; Southern Kansas Farm etc. Co. v. Garrity, 57 Kan. 805, 48 Pac. 33; Cobb v. Dyer, 69 Me. 494; Bond v. Dorsey, 65 Md. 310, 4 Atl. 279; Ferguson v. Glassford, 68 Mich. 36, 35 N. W. 820.

*I. A. Acker,* for respondent.

"Not only may the allegations of a bill in equity be held to be defective where there is a lack of certainty, but such allegations must be direct and positive." 10 R. C. L. p. 414, § 169.

"The statement of the mere opinion in a complaint, unsupported by specific facts sufficient to show that the opinion in question is well grounded, is bad pleading." 10 R. C. L. p. 415, § 170; DeWitt v. Hays, 2 Cal. 463, 56 Am. Dec. 352.

CHRISTIANSON, Ch. J.   This is an action to cancel a satisfaction of a mortgage, and to foreclose the mortgage.   In his complaint the plaintiff alleges that the mortgage was executed and delivered on August 18, 1915, by one Charles P. Smith and Minnie E. Smith, his wife, to secure the payment of a certain promissory note for $467.65, dated August 18, 1915, and payable October 1, 1915; that at the time of the execution and delivery thereof said Smith and wife were the owners of the land described in the mortgage; that the mortgage was recorded in the office of the register of deeds of Traill county on August 20, 1915; that no part of said mortgage indebtedness has been paid except $90, paid in August, 1915; that on December 6, 1915, said Charles P. Smith and Minnie E. Smith, his wife, sold and conveyed all of said land to the defendant Christ Wilhelmson, by warranty deed, which was recorded in the office of the register of deeds of Traill county on March 24, 1916; that the defendant Karl L. Hjort was the agent and attorney of the defendant Wilhelmson in the purchase of said lands; that on June 2, 1916, said Hjort represented to the plaintiff that the mortgage held by him was about to be paid, and that the same would be paid in a day or so; that he (Hjort) needed a satisfaction of the same so that he could deliver it when payment was made; that thereupon plaintiff executed and delivered to said Hjort a satisfaction of the mortgage to be surrendered when the debt secured thereby was paid; that no part of the amount due was paid, but that said Hjort on June 2, 1916, caused said satisfaction to be recorded in the office of the register of deeds of Traill county.   It is further averred that the defendant Karl L. Hjort was an attorney at law, residing and practising in the city of Hillsboro; that at the time he induced the plaintiff to execute said satisfaction of mortgage he was the state's attorney of said Traill county; that plaintiff executed and delivered said satisfaction to said Hjort by reason of the confidence in his integrity and honesty which he then possessed.   It is further averred that said defendants, Wilhelmson and Hjort, were intimate friends.   And, upon information and belief, it is alleged that they conspired together to procure the satisfaction, to the end that said defendant Christ Wilhelmson might avoid paying plaintiff's mortgage; and that said Hjort did procure said satisfaction and place the same of record in pursuance of said conspiracy. The defendant Wilhelmson alone was served.   In his answer, he admit-

ted that he was the owner of the land, but denied that Hjort ever acted as his agent; and he averred that, on the contrary, Hjort acted as agent for Smith, and induced him (Wilhelmson) to purchase the lands from Smith. He denied the existence of any conspiracy between himself and Hjort. He further averred that plaintiff had made no demand for a cancelation of the satisfaction, and that he had never notified the defendant that the satisfaction was not in all things properly and legally executed and recorded. He further averred that plaintiff had been guilty of laches in that he permitted two and one-half years to elapse before commencing the action, and that during said time said Hjort and Charles P. Smith had removed from the state.

The case came on for trial upon these pleadings. At the close of plaintiff's case, defendant's counsel moved for a dismissal on the ground that plaintiff had failed to establish the averments of his complaint. The motion was taken under advisement. Later the trial court made its decision, and filed findings of fact and conclusions of law in favor of the defendant. Judgment was entered accordingly, and plaintiff has appealed to this court, and demanded a trial anew.

The sole question presented in this case is whether the evidence adduced by the plaintiff established a prima facie case.

The undisputed evidence shows that Smith and his wife executed and delivered the promissory note and mortgage, and that the mortgage was recorded in the office of the register of deed's office, as alleged in the complaint; that the note was given in payment of a certain heating plant installed by the plaintiff for Smith in a dwelling house on the premises in controversy; that on December 6, 1915, the defendant Wilhelmson purchased the premises from Smith; that in such transaction Hjort acted as Smith's agent; that Wilhelmson agreed to pay $12,000 for the premises; that $9,192 of said amount consisted of encumbrances against the premises; and that Wilhelmson paid the balance, either in cash at the time of the sale or by notes then given and later paid; that Wilhelmson made no examination of the title or the amount of encumbrances outstanding, but took Hjort's word upon the matter. The only reasonable inference to be drawn from the evidence is that plaintiff's mortgage (while of record) was not included in the $9,192 of encumbrances which were deducted in computing the purchase price, and that the defendant Wilhelmson had no actual knowledge of such mortgage.

As regards the delivery to Hjort of the satisfaction of the mortgage, and the note secured thereby, the plaintiff testified:

Direct examination:

Q. Did you afterwards execute a satisfaction of the mortgage?

A. Yes.

Q. After the mortgage was given and after that $90 was paid?

A. Yes.

Q. At whose request did you sign it?

A. Karl Hjort's.

Q. How did you come to sign that satisfaction?

A. Hjort said that he would have my money for me in three days if I would sign and release the mortgage.

Q. Did he tell you that he was going to put the release on record without getting the money?

A. No, he didn't say anything about that.

Q. Did he tell you he would not deliver the note and satisfaction until it was paid?

A. Well, I don't know as to that. . . .

Cross-examination:

Q. Do you usually deliver a note and mortgage, or satisfaction of mortgage before the same is paid?

A. No; I didn't deliver over any note; *he had the note all that time.*

Q. Had the note for collection?

A. He had the note in his possession.

Q. Did Mr. Hjort hold this note for collection?

A. *He had the note all the time;* he never turned it over to me.

Q. Do you know whether or not Karl Hjort collected money with which to pay you?

A. No, I don't.

Q. Karl Hjort may have collected the money with which to pay you, may he not?

A. He may have.

Q. As stated before, you regarded Mr. Hjort as your agent for the collection of this note, this money?

A. Yes.

The plaintiff further testifies that he had never received payment of

his mortgage from Hjort, Wilhelmson, or anyone else. He further testified that he had no knowledge of any conspiracy between Hjort and Wilhelmson, and that he did not believe that "Wilhelmson would be willing to take advantage of it in case his attorney could get a mortgage satisfied without his paying it."

Wilhelmson, who was called for cross-examination under the statute, testified to his purchase of the land from Hjort, as representative of Smith. He further testified to the method of arriving at, and payment of, the purchase price; that he (Wilhelmson) had no knowledge of the existence of plaintiff's mortgage, and that he has not paid it, or been requested to do so.

Does the evidence adduced by the plaintiff, viewed in the light of applicable legal presumptions, establish that plaintiff's mortgage is a valid and existing lien against the premises? The writer is inclined to the view that the evidence is insufficient, and that the trial court properly ordered a dismissal of the action. But a majority of the court are of the opinion that the evidence, while unsatisfactory, is sufficient to establish a prima facie case, and that therefore the trial court erred in dismissing the action. All the members of the court, with the exception of Mr. Justice Robinson, are of the opinion, however, that the defendant, in any event, ought to be afforded an opportunity to present his defense. The judgment appealed from is therefore reversed and the cause is remanded for further proceedings. All costs, including the cost on appeal, will abide the final determination.

BRONSON and GRACE, JJ., concur.

BIRDZELL, J. (concurring in part and dissenting in part). While it appears that the plaintiff alleged more than was necessary for him to prove in order to establish a prima facie case, I am of the opinion that the evidence adduced was not sufficient to establish prima facie that the plaintiff is the holder of an existing mortgage securing an existing indebtedness. It is consistent with the plaintiff's evidence that Hjort was acting as his agent in collecting the indebtedness from Smith, and it nowhere appears that Hjort did not, in fact, make the collection. In reality, this would seem to be the only reasonable inference to be drawn from the plaintiff's own testimony. And if Smith had, in fact, paid

the indebtedness to Hjort and the money has not been paid over, it would seem to be clear that Hjort has embezzled the plaintiff's money. In these circumstances it should not be incumbent on the defendant to establish the nonpayment by Smith.

Since a majority of the court, however, takes a different view of the evidence, I concur in the holding that the defendant should be afforded an opportunity to present his defense.

ROBINSON, J. (concurring). This is an action to foreclose a mortgage dated August 18, 1915, made to the plaintiff by Charles P. Smith and wife, who then owned the land described in the complaint. On August 20, 1915, the mortgage was recorded in the office of the register of deeds, Traill county. It was made to secure $467.65 on October 1, 1915. No part of the mortgage debt was paid, excepting $90 on August 27, 1915. After the making of the mortgage, to wit, on September 6, 1915, the mortgagor conveyed the land to defendant, subject to all mortgages of record in the office of the register of deeds.

Defendant Wilhelmson admits that he owns the land, and alleges that the plaintiff has been guilty of laches by not sooner commencing the action. The answer does not plead payment or show any defense to the action. On the trial it appeared that plaintiff had given a satisfaction of mortgage, which was recorded, and, for that reason, judgment was given that the action be dismissed. The satisfaction is dated June 2, 1916, and recorded on the same day at 1:15 P. M. The action was commenced on March 11, 1919, and the case tried in July, 1919. Defendant swears that he never paid the mortgage, and he knew nothing of the satisfaction until "a year ago;" that is, a year before July, 1919. Hence it is certain that defendant was not deceived or injured by the satisfaction. He did not make payment relying on it, and there is no claim that he made payment. And there is no plea of payment, which is an affirmative defense.

Under the evidence and the facts, it is sheer nonsense for defendant to talk of laches, the failure of plaintiff to demand payment, or to demand a cancelation of the satisfaction; or a failure to bring a personal action against him. There is no pretense that defendant is liable to a personal judgment. The plaintiff has no cause of action, except for

the foreclosure of his mortgage. But defendant claims that he was taken by surprise by reason of the court granting his motion for judgment before he had offered any evidence, and hence he wants to have the case remanded for a new trial, or the taking of additional testimony; but the plaintiff and the defendant do both testify that there was no payment, and so it seems there can be no possible defense to the action, and, on the answer and the record as it stands, it does not appear that the defendant has a possible defense, and he should not blame the court for granting his motion for judgment. If he did not care for judgment, he should not have made the motion, and it does appear that the motion was argued by both counsel and deliberately decided, and that it was no surprise to the defendant. Hence the judgment should be reversed, with costs, and directions to enter a judgment in favor of the plaintiff, as demanded in the complaint. But if counsel for defendant conclude to move for a rehearing, he may serve and file, as part of the motion, a verified answer showing a good and meritorious defense, and may show how he was injured or prevented from maintaining his defense.

Judgment reversed.